UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STANLEY E. STILLWELL,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAESARS ENTERTAINMENT<br>CORPORATION, INC., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:19-CV-01896-KJD-VCF<br><br>ORDER |

Presently before the Court is Defendant Bartender's Union Local 165's Motion to Dismiss Complaint (#14). Plaintiff filed a response in opposition (#20) to which Defendant replied (#22).

I. Standard of Review

In considering whether a complaint is sufficient to state a claim under Rule 12(b)(6), the Court takes all material allegations as true and construes them in the light most favorable to the plaintiff. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations which are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001); Trustees of Nev. Resort Ass'n Int'l Alliance of Theatrical Stage Employees & Moving Picture Mach. Operators of U.S. & Canada Local 720 Pension Trust v. Encore Prods., Inc., 742 F. Supp.2d 1132, 1134 (D. Nev. 2010). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557 (internal quotation marks omitted). In such a case, the inference of liability is merely speculative. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (emphasis added). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

The Ninth Circuit addressed post-Iqbal pleading standards in Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). The Starr court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id.

II. Analysis

In this hybrid action, Defendant argues that his union, Defendant Bartender's Union Local 165 breached its duty of fair representation by not properly representing him after he filed a formal grievance on July 31, 2018 and after he was terminated on November 2, 2018. However, Plaintiff's allegations, while specific to his termination by Defendant Caesars are vague and conclusory regarding his claim that the Union breached its duty of fair representation.

A union breaches its duty of fair representation "only when [its] conduct toward a member . . . is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967). "An employee has no absolute right to have a grievance taken to arbitration." Castelli v. Douglas Aircraft Co., 752 F.2d 1480, 1482-83 (9th Cir. 1985). "Unions need not arbitrate every case." Johnson v. U.S. Postal Serv., 756 F.2d 1461, 1465 (9th Cir. 1985). Indeed, they "may screen grievances and arbitrate only those they believe are meritorious." Id.

///

A union's conduct is discriminatory if there is "substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives." Amalgamated Ass'n of St., Elec., Ry. & Motor Coach Emp. of Am. v. Lockridge, 403 U.S. 274, 301 (1971). Its conduct is in bad faith if there is "substantial evidence of fraud, deceitful action or dishonest conduct." Id. A union's conduct is arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational.'" Pegany v. C & H Sugar Co., Inc., 201 F.3d 444 (9th Cir.1999) (quoting Air Line Pilots Ass'n., Int'l v. O'Neill, 499 U.S. 65, 67 (1991)); see also Salinas v. Milne Truck Lines, Inc., 846 F.2d 568, 569 (9th Cir. 1988) ("A union's conduct may not be deemed arbitrary simply because of an error in evaluating the merits of a grievance.").

Plaintiff has not pled that the Union's actions were arbitrary, discriminatory, or in bad faith. See Compl. ¶¶ 30-33. Plaintiff complains that the Union did not redress the vaguely defined "CBA violations" which were the subject of a grievance from July 31, 2018 (Compl. ¶ 16), and that the Union did not represent him "adequately" in connection with his termination on November 2, 2018. (Compl. ¶ 20, 23-24.) He acknowledges that the Union conducted at least some investigation and that he attended a mediation at which the Union represented him. See id. He does not allege that the Union acted arbitrarily, discriminatorily, or in bad faith. At most, he claims that the Union's representation was not "adequate." (Compl. ¶ 24.) However, this does not meet the pleading standard required by Vaca. Thus, he does not state a claim on which relief can be granted.

The essence of his complaint is that the Union decided that it would not take his case to arbitration, and in so doing, failed to represent him. The decision not to take his case to arbitration is well within the Union's discretion. Unions are permitted to "screen grievances and arbitrate only those they believe are meritorious." Johnson, 756 F.2d at 1465. A mere determination that the Union will not pursue a case to arbitration is well within the Union's discretion and does not constitute violation of the duty of fair representation. See Castelli, 752 F.2d at 1482-83; Johnson, 756 F.2d at 1465. Accordingly, Plaintiff has not adequately pled that

the Union breached its duty of fair representation.

In response to Defendant's motion, Plaintiff has not argued points and authorities opposing the motion. Instead, Plaintiff seeks to file an amended complaint. Because Defendant does not object to Plaintiff filing an amended complaint, and given the liberal nature of Rule 15, the Court grants the motion to dismiss with leave to amend. Plaintiff shall file an amended complaint within fourteen (14) days of the entry of this order.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#14) is **GRANTED with leave to amend**;

IT IS FURTHER ORDERED that Defendant file an amended complaint within fourteen (14) days of the entry of this order, failure to do so will result in the complaint against the Union being dismissed.

DATED this __22__ day of March 2021.

_____
The Honorable Kent J. Dawson
United States District Judge