1
2
3
4
5

UNITED STATES DISTRICT COURT

6

DISTRICT OF NEVADA

7

* * *

8    STANLEY E. STILWELL, JR.,                    Case No. 2:19-cv-01896-KJD-VCF

9                                  Plaintiff,                          ORDER

10         v.

11   CAESARS ENTERTAINMENT
     CORPORATION, *et al.*,
12

13                                 Defendants.

14         Presently before the Court is Defendant Caesars Entertainment Corporation's Motion to

15   Dismiss (#43). Plaintiff filed a response in opposition (#46) to which Defendant Casesars replied

16   (#47).

17   I. Background

18         On March 22, 2021, the Court granted (#40) Defendant Bartender's Union Local 165's

19   initial motion to dismiss because it found that Plaintiff had failed to appropriately plead his claim

20   that the Union failed to adequately represent him. However, the Court granted Plaintiff leave to

21   file an amended complaint to correct the deficiencies in his claim. When Plaintiff filed his First

22   Amended Complaint (#41), in addition to adding allegations to his fair representation claim, he

23   added a claim under the Family Medical Leave Act, 29 CFR 825 et seq. ("FMLA") against

24   Defendant Caesars. Defendant Caesars now moves to dismiss this claim, because Defendant did

25   not first seek permission of the Court to file it.

26         Plaintiff's initial Complaint (#1) was filed on October 25, 2019. The Union moved to

27   dismiss the complaint on March 10, 2020. The deadline to file a motion to amend the pleadings

28   was June 8, 2020 (#11).

II. Analysis

Generally speaking, a party may amend their pleadings "as a matter of course" before a responsive pleading has been served. Fed. R. Civ. Pr. 15(a). After that, a party may amend their pleadings "only by leave of the court...[which] leave shall be freely given when justice so requires." Id. In such instances, the Court would balance the strong policy towards permitting amendment versus "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." See Schlacter-Jones v. General Telephone, 936 F.2d 435, 443 (9th Cir. 1991) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

However, where the Court has filed a pretrial scheduling order that has established a timetable or deadline for amending the pleadings, the Court will consider proposed amendments under Federal Rule of Civil Procedure 16(b). That rule requires that the schedule for amending pleadings not be modified without a showing of good cause for failure to amend within the time specified in the scheduling order. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This standard "primarily considers the diligence of the party seeking the amendment." See Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 608 (9th Cir. 1992). A scheduling order (#14) was issued in this case that set June 8, 2020 as the deadline for amending the pleadings. Therefore, the Court will review Plaintiff's untimely addition of the FMLA claim under Rule 16's good cause standard, because the amendment was filed well past the deadline set in the discovery scheduling order and without prior authorization of the Court.

In fact, Plaintiff agrees that the amendment is untimely and asserts that he intends to seek a stipulation to amend or move for leave to amend pursuant to Rule 15. However, Plaintiff does not explain the failure to file a motion to amend before the expiration date of the amendment deadline in the scheduling order. Further, even though Plaintiff knew the claim existed before the expiration of the deadline, Plaintiff has had twenty months in which to file a motion to amend and has failed to do so. Accordingly, the Court finds that Plaintiff has failed to show good cause for his failure to amend within the allowed time. Additionally, Plaintiff's failure to file a motion

1   to amend following the expiration of the deadline is inexcusable. Therefore, the Court grants

2   Defendant's motion to dismiss Plaintiff's claim arising under the FMLA.

3   III. Conclusion

4          Accordingly, IT IS HEREBY ORDERED that Defendant Caesars Entertainment

5   Corporation's Motion to Dismiss (#43) is **GRANTED**;

6          IT IS FURTHER ORDERED that Plaintiff's fifth cause of action for violation of the

7   FMLA is **DISMISSED**.

8   Dated this 28th day of February, 2022.

9

10                                 _____
                                   Kent J. Dawson
11                                 United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28